1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT

8

NORTHERN DISTRICT OF CALIFORNIA

9

San Francisco Division

10

11 | KEISHNA BUNN,

Case No. 3:18-cv-00384-LB

12 | Plaintiff,

13 | v.

**ORDER GRANTING THE PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY'S FEES**

14 | NANCY A. BERRYHILL,

Re: ECF No. 36

15 | Defendant.

16

17 **INTRODUCTION**

18    The court previously granted the plaintiff's motion for summary judgment and remanded the

19 action to the Social Security Administration for further proceedings.[1] On remand, the plaintiff

20 received a past-due benefits award.[2] Her counsel now seeks fees of $17,987.46, which is within

21 the 25-percent limit in 42 U.S.C. § 406(b) and the representation agreement with his client.[3] The

22 court can decide this matter without oral argument. *See* Civil L.R. 7-1(b). The court grants the

23 motion.[4]

24

25

[1] *See* Order – ECF No. 31. Citations refer to material in the Electronic Case File ("ECF"); pinpoint

26 citations are to the ECF-generated page numbers at the top of documents.

[2] Notice of Award – ECF No. 36-3 at 1–3.

27 [3] Motion for Attorney's Fees – ECF No. 36.

28 [4] The court declines the plaintiff's counsel's request to apply a 4.08 multiplier. *See id.* at 4–6.

ORDER – No. 18-cv-00384-LB

United States District Court
Northern District of California

United States District Court
Northern District of California

**STATEMENT**

The Commissioner awarded the plaintiff $72,632.56.[5] The court previously awarded $3,949.80 in attorney's fees under the Equal Access to Justice Act ("EAJA").[6]

The plaintiff has a fee agreement with her lawyer that provides for a 25-percent contingency fee of the award as of the final decision, which makes $71,949.84 the relevant amount.[7] The plaintiff's attorney seeks $17,987.46 in fees, which is within 25 percent of $71,949.84. The Commissioner filed a response to the plaintiff's motion asking the court to consider the reasonableness of the fee award (including the plaintiffs' counsel's multiple requests for extensions) and order the plaintiff's counsel to refund the EAJA fees to the plaintiff.[8] The plaintiff's counsel agreed that he will refund the EAJA fees and send $500.00 to "acknowledge the multiple extensions."[9]

**ANALYSIS**

Under 42 U.S.C. § 406(b), "[w]henever a court renders a judgment favorable to a [social security] claimant . . . , the court may determine and allow as part of its judgment a reasonable fee" for the claimant's counsel, which can be no more than 25 percent of the total of past-due benefits awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). A court may award such a fee even if the court's judgment did not immediately result in an award of past-due benefits; where the court has rendered a judgment favorable to a claimant by reversing an earlier determination by an ALJ and remanding for further consideration, the court may calculate the 25-percent fee based upon any past-due benefits awarded on remand. *See, e.g.*, *Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009) (en banc).

In considering a motion for attorney's fees under § 406(b), the court must review counsel's request "as an independent check" to ensure that the contingency fee agreement "yield[s]

---

[5] Notice of Award – ECF No. 36-3 at 2–3.

[6] Order – ECF No. 35.

[7] Fee Agreement – ECF No. 34-1 at 1.

[8] Commissioner's Response to Motion – ECF No. 37 at 7, 9–12.

[9] Motion for Attorney's Fees – ECF No. 36 at 4.

1    reasonable results." *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Section 406(b) "does

2    not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs

3    courts to review for reasonableness fees yielded by those agreements." *Id.* at 808–09. To evaluate

4    the reasonableness of a fee request under § 406(b), the court considers the character of the

5    representation and the results achieved. *Id.* at 808; *see also Crawford*, 586 F.3d at 1151. This

6    includes analyzing whether substandard representation justifies awarding less than 25 percent in

7    fees; any delay in the proceedings attributable to the attorney requesting the fee; whether the

8    benefits of the representation are out of proportion to time spent on the case; and the risk counsel

9    assumed by accepting the case. *See Crawford*, 586 F.3d at 1151–52 (citing *Gisbrecht*, 535 U.S. at

10   808). If an attorney "is responsible for delay. . . a reduction [of fees] is in order so that the attorney

11   will not profit from the accumulation of benefits during the pendency of the case in court."

12   *Gisbrecht*, 535 U.S. at 808 (cleaned up); *see also Crawford*, 586 F.3d at 1151.

13       The court must offset an award of § 406(b) attorney's fees by any award of fees granted under

14   the EAJA. *Gisbrecht*, 535 U.S. at 796; *Parrish v. Comm'r of Soc. Sec.*, 698 F.3d 1215, 1218 (9th

15   Cir. 2012).

16       The 25-percent contingency-fee agreement is within § 406(b)(1)(A)'s ceiling, and the amount

17   is reasonable. Furthermore, the court finds that the reduction in plaintiff's counsel's fee request by

18   $500.00 (rounded up from $449.68) is appropriate.

19

20                                          **CONCLUSION**

21       The court finds that a fee award of $17,987.46 is reasonable under § 406(b). The plaintiff's

22   counsel must refund the plaintiff the EAJA fees and the $500.00, which results in a net

23   (remaining) fee award of $13,537.66.

24       **IT IS SO ORDERED.**

25       Dated: October 8, 2020

26                                          _____

27                                          LAUREL BEELER
                                            United States Magistrate Judge

28

United States District Court
Northern District of California